**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITA PERI-OKONNY, | Civil Action No. 17-13763 (MAS) (TJB) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| AMERICAN SECURITY INSURANCE COMPANY, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on the motions to dismiss filed by American Security Insurance Company ("ASIC") (ECF No. 8) and JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. ("Chase" and collectively with ASIC, "Moving Defendants") (ECF No. 21). Plaintiff Unita Peri-Okonny ("Plaintiff") filed opposition (ECF No. 27) and ASIC (ECF No. 28) and Chase (ECF No. 30) replied. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Moving Defendants' motions to dismiss are granted.

I. **Background**[1]

This case relates to the property located at 314 Suydam Street, New Brunswick, NJ 08901 (the "Property"), which the Plaintiff has owned since 2005. (Compl. ¶¶ 121, 130, ECF No. 1.)

---

[1] For the purposes of this motion to dismiss, the Court accepts as true and summarizes the facts alleged in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (stating that on a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief").

Chase appears to be Plaintiff's mortgage lender. (*Id.* ¶ 13.) In 2008, the City of New Brunswick ordered Plaintiff to vacate the Property and the residence subsequently fell into disrepair. (*Id.* ¶¶ 154-55.) ASIC issued an insurance policy for the Property effective May 8, 2013. (*See id.* ¶ 46.) Thereafter, on September 14, 2013, a fire broke out on the Property. (*Id.* ¶¶ 5, 207.) In or around September 2014, the City of New Brunswick (the "City") ordered that the Property be demolished, and the Property was destroyed. (*Id.* ¶ 224). Generally, Plaintiff appears to allege that (1) the City declared the Property uninhabitable (*id.* ¶¶ 151, 218); (2) Plaintiff incurred tax liabilities for the mortgage discharge (*id.* ¶ 232); (3) after the fire, ASIC paid insurance proceeds to Chase and not to Plaintiff (*id.* ¶ 49); and (4) the Property was demolished (*id.* ¶ 224). The Complaint contains a total of twenty-three counts (*id.* ¶¶ 206-391) and seeks an array of relief, including $10 million dollars in damages (*id.* at 55-57).

## II.     Legal Standard and Discussion

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of

2

the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

A court must liberally construe a complaint filed by a *pro se* litigant. A pro se litigant's pleadings, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[P]ro se litigants[, however,] still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Here, construing the Complaint liberally, *see Erickson*, 551 U.S. at 94, the Court finds that the Complaint does not comply with Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). *See, e.g., Melleady v. Blake*, No. 11-1807, 2011 WL 6303245, at *9; *Batista v. Countrywide Home Loans, Inc.*, 2014 WL 11395164, at *1 (D.N.J. Sept. 30, 2014). Here, the twenty-three count Complaint consists of three hundred and eighty-one paragraphs sprawling across fifty-eight pages. The pertinent facts and timeline of events are nearly impossible to discern. At times, the Complaint borders on the nonsensical. (*See, e.g.*, Compl. ¶ 362 ("Defendant cannot legally pursue this complaint unless and until Plaintiff demonstrates compliance with Federal Trade Commission (FTC) has prepared the

3

following complete text of the Fair Debt Collection Practices Act §§ 1692-1692p, which requires protections from unfair debt collection practices.").) Given Plaintiff's *pro se* status, however, the Court will provide her with an opportunity to amend the Complaint.[2] Accordingly,

IT IS on this 6th day of August 2018, **ORDERED** that:

1. The Motions to Dismiss filed by ASIC (ECF No. 8) and the Chase Defendants (ECF No. 21) are **GRANTED**. The Complaint, in its entirety, is **DISMISSED WITHOUT PREJUDICE**.

2. Within thirty (30) days of the date of this Memorandum Order, Plaintiff may file an Amended Complaint. If Plaintiff fails to file an Amended Complaint by this deadline, then the Complaint will be dismissed with prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] The Court directs Plaintiff to the "Procedural Guide for Pro Se Litigants," located at http://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf.