UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITA PERI-OKONNY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SECURITY INSURANCE COMPANY, et al.,<br><br>Defendants. | Civil Action No. 17-13763 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the Motions to Dismiss Plaintiff Unita Peri-Okonny's ("Plaintiff") Amended Complaint (ECF No. 32) filed by American Security Insurance Company ("ASIC") (ECF No. 34) and JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. ("Chase" and collectively with ASIC, "Moving Defendants") (ECF No. 41). Plaintiff filed opposition (ECF Nos. 47, 48), and ASIC replied (ECF No. 49). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

The factual allegations against Chase in the underlying matter arise out of the mortgage on property at 314 Suydam Street, New Brunswick, New Jersey. (Am. Compl. ¶ 10, ECF 32.) The property "fell into foreclosure" and was ultimately demolished following a fire. (*Id.* ¶¶ 19, 21, 23.) Plaintiff alleges that she "suffer[ed] a triology of issues as a result of the [D]efendant[s'] actions[:] (1) Tax liability for the discharge of the mortgage and calculation of the same[;] (2) loss of the property[; and] (3) mismanagement of insurance proceeds." (*Id.* ¶ 46.)

Plaintiff in the present matter was also a named Plaintiff in *Heine, et al. v. Commissioner of the Department of Community Affairs of the State of New Jersey* ("*Heine*"), No. 11-5347, a

matter before the Honorable Kevin McNulty, U.S.D.J. Judge McNulty afforded the *Heine* plaintiffs numerous opportunities to amend the deficient pleadings in that matter. The Seventh Count of the Seventh Amended Complaint in *Heine* alleged, in pertinent part:

> 2. JP Morgan Chase Bank N.A. holds a mortgage to the home[] owned by . . . Unita Peri-Okonny.
>
> 3. JP Morgan Chase Bank N.A. received a judgment against Unita Peri-Okonny for almost $400,000 pursuant to filing a foreclosure. . . .
>
> 4. JP Morgan Chase Bank proceeded in foreclosure pursuant to an amended notice of intent to foreclose which was approved in the state Courts. Unita Peri-Okonny motioned in the State Court to give notification to the JP Morgan Chase Bank, NA that the unfortunate circumstances of her property were due to the actions of the state and the municipality. However, the Court ruled against her and allowed the matter to proceed to Final Judgment. . . .
>
> 6. The Bank[']s representatives certify that they have completed a diligent inquiry regarding the pleadings in foreclosure with reference to the property. However, the [B]ank's representative that spoke with Unita had no notations in the file regarding the problems with the demolished home on the property and the continuation of property taxes for the home.
>
> 7. Unita Peri-Okonny contacted the Chase loan office to give the information regarding the occurrences in New Brunswick that had caused the destruction of her home. The Bank's office was not aware of the information that Unita Peri-Okonny gave them. They were paying taxes for a home that was no longer on the property. Unita expressed an interest to rebuild the home and said that she had been unable to get cooperation from either the bank or the municipality to be able to rebuild. The bank represented that they would be willing to work with Ms. Peri-Okonny to try to create a means toward the resolution of her problems regarding the property.

(*Heine*, 7th Am. Compl. ¶¶ 2-4, 6-7, ECF No. 81.)

On October 10, 2017, in a seventeen-page Opinion, Judge McNulty granted Chase's motion to dismiss for lack of jurisdiction and failure to state a claim. (*Heine*, Oct. 10, 2017 Op., ECF No. 127.) Judge McNulty's decision included a comprehensive preclusion discussion with respect to a 2015 matter before the Honorable Esther Salas, U.S.D.J., in which Judge Salas dismissed claims against Chase. (*Id.* at 10-15.) On February 28, 2019, Judge McNulty entered an

Order and Judgment in *Heine*, which provided, in pertinent part, that "the claims in the [Seventh Amended Complaint] against . . . JP Morgan Chase Bank, N.A. were disposed of by prior rulings of the Court ([ECF Nos.] 127 & 128, 143)[.]" (*Heine*, Order & J. 2, ECF No. 190.) The *Heine* plaintiffs filed a Notice of Appeal on April 1, 2019. (*Heine*, Notice of Appeal, ECF No. 192.)

Here, the instant Amended Complaint's underlying factual allegations substantially overlap with the factual allegations in *Heine*. Based on the significant overlap regarding the underlying facts in the present case with the underlying facts of *Heine*, and based on the Court's inherent authority to control the matters on its docket, the Court finds good cause to stay and administratively terminate this matter pending the decision by the United States Court of Appeals for the Third Circuit in *Heine*.

Based on the foregoing, and for other good cause shown,

IT IS on this 26th day of April 2019, **ORDERED** that:

1. This matter is stayed and administratively terminated pending a decision from the United States Court of Appeals for the Third Circuit in *Heine*, USCA No. 19-1763.[1]

2. The parties shall notify the Court via e-filed correspondence within seven days of the Third Circuit's decision. At that time, the Court will reopen the matter and enter an appropriate order.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendants' Motions to Dismiss (ECF Nos. 34, 41) are, therefore, administratively terminated without prejudice pending the Third Circuit's decision.

3