**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

UNITA PERI-OKONNY,

        Plaintiff,

v.

AMERICAN SECURITY INSURANCE
COMPANY, et al.,

        Defendants.

Civil Action No. 17-13763 (MAS) (TJB)

**MEMORANDUM OPINION**

---

**SHIPP, District Judge**

This matter comes before the Court upon Defendant American Security Insurance Company's ("ASIC") Motion to Dismiss (ECF No. 34) and Defendants JPMorgan Chase Bank, N.A. and JP Morgan Chase & Co.'s ("Chase") Motion to Dismiss (ECF No. 41) Plaintiff Unita Peri-Okonny's ("Peri-Okonny") Amended Complaint (ECF No. 32). Plaintiff opposed. (ECF Nos. 47, 48, 58.) ASIC replied. (ECF No. 49.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' motions to dismiss are granted.

**I.    BACKGROUND**

Peri-Okonny closed on a house at 314 Suydam Street, New Brunswick, New Jersey (the "Property") on July 13, 2005.[1] (Am. Compl. ¶¶ 10, 13, ECF No. 32.) On that same day, Peri-

---

[1] For the purposes of a motion to dismiss, the Court accepts as true and summarizes the factual allegations of the Amended Complaint. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Okonny signed for a mortgage on the Property with Chase. (*Id.* ¶¶ 11, 13-14.) Shortly thereafter, on December 21, 2005, the City of New Brunswick (the "City" or "New Brunswick") "issued a notice of imminent hazard" notifying Peri-Okonny that the house on "the Property had electrical problems." (*Id.* ¶ 16.) In 2008, the City required Peri-Okonny and her tenants to vacate the house due to the electrical problems. (*Id.* ¶ 17.)

Peri-Okonny asserts that despite her efforts to improve the Property pursuant to the City's requirements, she became "economically disadvantaged by the protracted actions of the City." (*Id.* ¶ 19.) Because she was unable to live at or rent the house, she could not "continue to pay improvements on the [P]roperty," was "assessed fines to the City," and "the [m]ortgage and taxes and the [P]roperty fell into foreclosure." (*Id.*) Indeed, in its Brief, Chase asserts that Peri-Okonny has not made a payment on her mortgage since 2009. (Chase Moving Br. 4, ECF No. 41-3.) According to Chase, it filed a foreclosure action against Peri-Okonny in the Superior Court of New Jersey on April 6, 2010. (*Id.*)

In 2009, Chase arranged for ASIC to insure the then-vacant Property. (Am. Compl. ¶¶ 20, 67, 83; Chase Moving Br. 4.) Peri-Okonny was a "co-insured" on the policy. (Am. Compl. ¶ 27.) Subsequently, the house on the Property caught fire in September 2013. (*Id.* ¶ 21.) The City eventually demolished Peri-Okonny's house. (*Id.* ¶ 23.)

The core of Peri-Okonny's claims against Chase and ASIC arises from the insurance company's payout to Chase. Peri-Okonny asserts that "the insurance policy was for $380,000," (Pl.'s Opp'n Br. 4, ECF No. 48), but that the insurance check paid to Chase, however, only amounted to $58,635.50. (*Id.* at 3). Peri-Okonny alleges that "[t]he issuance of the check was only for replacement of a second and third floor." (*Id.*) According to Peri-Okonny, because the entire house was demolished, the cost of replacing the house was much higher than this payout

and, accordingly, ASIC should have paid out more under the policy. Peri-Okonny alleges that Chase owed her a fiduciary duty when negotiating the settlement with ASIC for the insurance payout. (Am. Compl. ¶ 47.) Notwithstanding this fiduciary duty, Peri-Okonny asserts that "because of the collusion of the bank and the insurance company[,] the money from the claim was completely insufficient to rebuild the home." (*Id.* ¶ 116.)

According to Chase, because its collateral was effectively destroyed due to the demolition of the house, it applied the insurance proceeds to the balance of the mortgage, discharged the mortgage, and vacated the final judgment that had been entered in the foreclosure proceedings. (Chase Moving Br. 5.) Chase avers that following these actions, Peri-Okonny "now owns the Property's lot free and clear of the mortgage." (*Id.* at 9) In response, Peri-Okonny notes that she "derives no use" from the lot, "but still continues to pay[] taxes, including water and sewer charges on the property," (Pl.'s Opp'n Br. 12), all while lacking the insurance funds that might have allowed her to rebuild the demolished house. (Am. Compl. ¶ 116.)

Peri-Okonny brought this action against ASIC, Chase, and the City on December 28, 2017. (Compl., ECF No. 1.) The Court granted earlier motions to dismiss brought by ASIC (ECF No. 8) and Chase (ECF No. 21). (Aug. 6, 2018 Mem. Order, ECF No. 31.) In that Opinion, the Court described Peri-Okonny's initial complaint as "border[ing] on the nonsensical." (*Id.* at 3.) Nonetheless, in light of Peri-Okonny's pro se status, the Court provided her an opportunity to amend the Complaint. (*Id.* at 4.) On September 5, 2018, Peri-Okonny filed a timely Amended Complaint. (ECF No. 32.[2])

---

[2] ECF No. 32 is Plaintiff Peri-Okonny's first amended complaint. Nevertheless, the caption on this document reads "Second Amended Complaint." (*See* ECF No. 32.) Throughout this Opinion, the Court describes ECF No. 32 as the Amended Complaint.

3

In the Amended Complaint, Peri-Okonny brings several federal law claims against New Brunswick and Chase. First, the Amended Complaint alleges Fifth and Fourteenth Amendment violations by the City. (Am. Compl. ¶ 9.) Elsewhere in the Complaint, Count Five alleges that Chase "may have violated" the Truth in Lending Act ("TILA"), the Troubled Asset Relief Program ("TARP"), and the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* ¶¶ 101-07.) Count Six alleges that Chase violated the Fair Credit Reporting Act ("FCRA"). (*Id.* ¶¶ 108-19.) Although the Amended Complaint's caption names the Attorney General of the State of New Jersey as a defendant, Peri-Okonny does not appear allege any violations of federal law by the Attorney General. (*See generally id.*)

Peri-Okonny also brings several state law claims against the Defendants. Count One alleges that Chase committed common law fraud, breach of contract, predatory lending, violations of the consumer warranties, tortious interference, violations of New Jersey's Consumer Fraud Act, and violations of N.J. Stat. Ann. § 46:10B-27(a). (*Id.* ¶¶ 34-51.) Count Two alleges that New Brunswick violated New Jersey's Uniform Fire Code. (*Id.* ¶ 62.) Count Three alleges that ASIC breached its contractual obligations and violated "Insurance section 22.06(2)(c) n.30." (*Id.* ¶¶ 66-79.) Count Four alleges that Defendants committed fraud, aiding and abetting fraud, and tortious interference with a contract. (*Id.* ¶¶ 80-100.) Count Five alleges that Chase "may have" violated "Banking Law Article 12-D section 419." (*Id.* ¶¶ 101-07.) Once again, although the Amended Complaint's caption names the Attorney General of the State of New Jersey as a defendant, Peri-Okonny does not appear to allege any violations of state law by the Attorney General. (*See generally id.*)

II. **LEGAL STANDARD**

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[M]ere restatements of the elements of [a] claim[] . . . are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

"Rule 12 prohibits the court from considering matters outside the pleadings in ruling on a motion to dismiss for failure to state a claim . . . and a court's consideration of matters outside the pleadings converts the motion to a motion for summary judgment." *Kimbugwe v. United States*, No. 12-7940, 2014 WL 6667959, at *3 (D.N.J. Nov. 24, 2014). "[A]n exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (internal quotation

marks omitted). Notwithstanding these principles, courts may not consider allegations raised for the first time in a plaintiff's opposition to a motion to dismiss. *See Pennsylvania ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation omitted)).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

#### A. Federal Claims against New Brunswick

"Res judicata, also known as claim preclusion, bars 'repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits.'" *Heine v. Twp. of Montclair*, No. 17-12529, 2019 WL 316167, at *3 (D.N.J. Jan. 22, 2019) (quoting *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011)), *aff'd*, 765 F. App'x 816 (3d Cir. 2019). The Third Circuit has explained that

> [c]laim preclusion, formerly referred to as res judicata, gives dispositive effect to a prior judgment if a particular issue, although

> not litigated, could have been raised in the earlier proceeding. Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities [sic]; and (3) a subsequent suit based on the same cause of action.

*Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014) (alteration in original) (citation omitted). The doctrine of res judicata "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privity . . . and promot[es] judicial economy by preventing needless litigation." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

Peri-Okonny's federal claims against the City will be dismissed because they are barred by the doctrine of res judicata.[3] In 2015, seven years after she was allegedly forced to vacate the 314 Suydam Street Property, Peri-Okonny and a number of other pro se plaintiffs filed a lawsuit against the City alleging Fifth and Fourteenth Amendment violations. Complaint at Count 5 ¶ 4, Count Nine ¶¶ 5-7, ECF, No. 1, *Heine v. Dir. of Codes and Standards*, No. 15-8210, 2017 WL 3981135 (Nov. 20, 2015) ("2015 Complaint"). At the time, Peri-Okonny alleged that these violations were the result of an "imminent hazard notice" by which the City "vacated the building and never allowed reoccupation of the property." *Id.* at Count One ¶ 5. The 2015 Complaint also notes that the City demolished Peri-Okonny's house. *Id.* at Count One ¶ 6. In the instant action, Peri-Okonny brings nearly identical claims against the City stemming from the 2008 imminent hazard notifications. Specifically, Peri-Okonny alleges that the City violated the Fifth and Fourteenth Amendments through an "effective taking of the [P]roperty from use by the imminent hazard

---

[3] The City has not moved to dismiss Peri-Okonny's claims against it. Instead, the City has only filed an Answer to the Amended Complaint. (ECF No. 35.) Nevertheless, district courts may dismiss claims barred by res judicata sua sponte. *Arizona v. California*, 530 U.S. 392, 412 (2000) (holding that "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised." This result is fully consistent with the policies underlying res judicata because the doctrine "is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.").

7

notice" and by "discriminat[ing]" in its treatment of individuals and businesses. (Am. Compl. ¶ 9.) In dismissing Peri-Okonny's earlier 2015 Complaint, Judge Salas found that Peri-Okonny had brought "the same causes of action" against the City in an even earlier case. *Heine v. Dir. of Codes and Standards*, No. 15-8210, 2017 WL 3981135, at *8-9 (D.N.J. Sept. 11, 2017) (citing *Fabics v. City of New Brunswick*, No. 14-2202, 2015 WL 10936119 (D.N.J. Jan. 14, 2015), *aff'd*, 674 F. App'x 206 (3d Cir. 2016) (per curiam)). Judge Salas found that "the doctrine of res judicata bars the [c]omplaint as to Defendant New Brunswick." *Id.* at *9. Here too, because Peri-Okonny again brings the same causes of action against New Brunswick, the Court will dismiss these claims as barred by res judicata. *United States v. Five Unlabeled Boxes*, 572 F.3d 169, 174-75 (3d Cir. 2009) (holding that a "a judgment on the merits in a case involving issues and parties identical to those in the case before this [c]ourt meets the requirements for res judicata").

### B. Federal Claims against Chase

#### 1. Peri-Okonny's Federal Claims against Chase Are Barred by Res Judicata

The Court also finds that Peri-Okonny's federal claims against Chase are barred by res judicata. In the same 2015 action Peri-Okonny brought against New Brunswick, Peri-Okonny named Chase as a defendant. 2015 Complaint at Count One ¶ 6, Count Four ¶ 4. In dismissing Peri-Okonny's claims against Chase, Judge Salas found that "it is not even clear that [p]laintiffs intend to state a cause of action against Chase" and that "other references to Chase merely indicate that Chase has only a tangential connection to the issues raised in the litigation." *Heine*, 2017 WL 3981135, at * 13. Judge Salas further observed that "only two of the twenty-one Plaintiffs have any sort of relationship with Chase: Heine and Peri-Okonny." *Id.* Moreover, Judge Salas found that "the reference to the foreclosure judgment is the only sentence that indicates any action taken by Chase." *Id.* Additionally, Judge Salas found that notwithstanding Peri-Okonny's arguments to

the contrary, Chase was not a necessary party under Rule 19. *Id.* at 14 n.25 (citing Fed. R. Civ. P. 19(a)(1)(A)). Judge Salas ultimately found that Peri-Okonny's 2015 complaint "neither articulates a cause of action nor seeks any relief against Chase. Accordingly, Plaintiffs have failed to satisfy the pleading requirements of Rule 8." *Id.* at 14. The Third Circuit affirmed Judge Salas's order dismissing Peri-Okonny's claims against Chase while Defendants' motions to dismiss were still pending before this Court. 765 F. App'x 816, 821 (3d Cir. 2019).[4]

Peri-Okonny's current federal claims against Chase are barred by res judicata. Judge Salas's dismissal of Peri-Okonny's 2015 Complaint considered Chase's conduct with respect to the foreclosure proceedings that began in 2010. Peri-Okonny's current federal claims against Chase are clearly connected to those 2015 claims. "A claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, *or series of connected transactions*, out of which the action arose." *Blunt*, 767 F.3d at 277. Accordingly, res judicata bars Peri-Okonny's current federal claims against Chase.

### 2. Peri-Okonny's Federal Claims against Chase Fail on Their Merits

Even if the federal claims against Chase were not barred by res judicata, the Court would still dismiss each of these claims under Rule 12(b)(6). Although Peri Okonny's current claims against Chase are clearly connected to similar 2015 claims already adjudicated in *Heine*, Judge Salas did find that "it is not even clear that [Peri-Okonny] intended to state a cause of action against Chase." *Heine*, 2017 WL 3981135, at *13. Out of an abundance of caution, the Court will consider the merits of Peri-Okonny's current federal claims against Chase.

---

[4] The Court previously stayed and administratively terminated Defendants' motions to dismiss pending the Third Circuit's review of Judge Salas's *Heine* opinion. (Apr. 26, 2019 Mem. Order, ECF No. 51.)

First, with respect to the TILA claim, a "plaintiff must bring a TILA action within one year of the closing of the loan" unless "equitable tolling extends that window." *Aversano v. Santander Bank, N.A.*, --- F. App'x ----, No. 19-2868, 2020 WL 5679587, at *1-2 (3d Cir. Sept. 24, 2020). "Equitable tolling is a rare, extraordinary remedy. To survive a motion to dismiss," the complaint "must include sufficient factual matter for the court to infer that discovery may show that tolling could keep alive [an] otherwise untimely claim." *Id.* at *2 (internal quotation marks and citations omitted). Here, Peri-Okonny acknowledges closing on the loan on July 13, 2005. (Am. Compl. ¶ 14.) The Amended Complaint, however, presents no factual matter allowing the Court to infer that Peri-Okonny is entitled to equitable tolling. Accordingly, the Court would dismiss the TILA claim, if it were not already barred by res judicata.

Second, if it were not already barred by res judicata, the Court would dismiss Peri-Okonny's TARP claim. "These claims fail because no private right of action is available under TARP." *Nivia v. Nation Star Mortg., LLC*, 620 F. App'x 822, 825 (11th Cir. 2015); *see also Brecker v. 1st Mortg. Bankers, Inc.*, No. 13-5646, 2013 WL 5729783, at *2 (D.N.J. Oct. 21, 2013) (finding that TARP does not provide for an express or implied private right of action and that "[w]ithout explicit legislative authority, a court can only find an implied private cause of action when it can confidently conclude that Congress intended such a right").

Third, the Court would dismiss Peri-Okonny's FCRA claim. Peri-Okonny maintains that she was "harmed by the credit reporting of a foreclosure. Even though that foreclosure was eventually dismissed by [Chase], the notation on her credit rating was detrimental." (Am. Compl. ¶ 114.) The FCRA "imposes two duties upon such furnishers of information: the duty to provide accurate information ([section] 1681s–2(a)) and the duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency ([section] 1681s–2(b))." *Cosmas v. Am.*

*Express Centurion Bank*, No. 07-6099, 2010 WL 2516468, at *7 (D.N.J. June 14, 2010) (citing 15 U.S.C. § 1681s). While "[p]rivate rights of action are permitted for claims brought under section 1681s–2(b) where the furnisher has received notice of a dispute from a credit collection agency," "no private action may be brought based on an alleged violation of an independent duty on the part of a furnisher of information to verify accuracy." *Id.* Here, Peri-Okonny only alleges that Chase failed to provide accurate information to credit reporting agencies. There is no private right of action for such a claim. Peri-Okonny might have a claim against Chase if she alleged that Chase received a notice from a credit collection agency disputing the accuracy of the information it furnished and then "failed to investigate and modify the inaccurate information." *Id.* at *8. Having failed to make such allegations, the Court would dismiss the FCRA claim, if it was not already barred by res judicata.

Fourth, the Court would dismiss Peri-Okonny's FDCPA claim. To prevail on a FDCPA claim, "a plaintiff must demonstrate that, among other things, the defendant is a debt collector." *Chernyakhovskaya v. Resurgent Capital Servs.*, No. 16-1235, 2017 WL 3593115, at *9 (D.N.J. Aug. 18, 2017). "[O]nly those whose principal purpose is the collection of any debts, and those who regularly collect debts owed another, are subject to [the FDCPA's] proscriptions." *Tepper v. Amos Financial, LLC*, 898 F.3d 364, 365 (3d Cir. 2018). "Creditors—as opposed to 'debt collectors'—generally are not subject to the [FDCPA]." *Id.* at 366. "[T]he [b]ank which collect[s] debts for its own account d[oes] not meet the 'regularly collects for another' definition" of "debt collector." *Id.* at 367 (citing *Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1721-22 (2017)). Here, Peri-Okonny acknowledges that Chase acted as a creditor, not a debt collector, in its various communications regarding the debt. (*See, e.g.*, Am. Compl. ¶ 45 ("The [D]efendant is a creditor"); *see also id.* ¶¶ 11, 14 (alleging that Chase "agreed to give the mortgage" and "[t]he

mortgage was signed on July 13, 2005").) Accordingly, the Court would dismiss the FDCPA claim, if it were not already barred by res judicata.

### C. The Court Lacks Subject Matter Jurisdiction to Consider Peri-Okonny's State Law Claims against New Brunswick, Chase, or ASIC

The dismissal of Peri-Okonny's federal claims calls into question the Court's subject matter jurisdiction to address the remaining state law claims against either the City, Chase, or ASIC. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). Having dismissed the federal claims against the City and Chase, Peri-Okonny's action no longer includes any well-pleaded federal claims.

The Court does not have diversity jurisdiction over the remaining state law claims because Peri-Okonny provides a Princeton, New Jersey address for herself, (Am. Compl. ¶ 1), while also bringing state law claims against the City of New Brunswick, New Jersey. *Lasky v. Borough of Hightstown*, No. 09-1717, 2009 WL 1045018, at *1 n.1 (D.N.J. Apr. 20, 2009) (finding that "[t]here also appears to be a lack of complete diversity of citizenship, as . . . the defendant municipality is deemed to be a New Jersey citizen"). Furthermore, absent "extraordinary circumstances," a court should not exercise supplemental jurisdiction over state law claims where there is "no substantial federal claim to which the state claims could be appended." *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976). Although the decision to exercise supplemental jurisdiction lies within the discretion of the district court, courts "ordinarily should refrain from exercising pendent jurisdiction" unless "considerations of judicial economy,

convenience, and fairness to the parties provide an affirmative justification for doing so." *Robyn Meredith, Inc. v. Levy*, 440 F. Supp. 2d 378, 387 (D.N.J. 2006) (internal quotation marks and citations omitted). The Court finds that Peri-Okonny's remaining state law claims against New Brunswick, Chase, and ASIC do not present extraordinary circumstances warranting retention of supplemental jurisdiction over them. The Court, accordingly, declines to exercise supplemental jurisdiction over Peri-Okonny's state law claims.

## IV. CONCLUSION

For the foregoing reasons, Peri-Okonny's federal claims against New Brunswick and Chase are dismissed with prejudice for failure to state a claim. Peri-Okonny's state law claims against New Brunswick, Chase, and ASIC are dismissed without prejudice for lack of subject matter jurisdiction.[5] The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] The Court also finds that Plaintiff has failed to file either proof of service of process or a waiver in accordance with Rule 4. Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States Marshal or deputy marshal, proof must be by the server's affidavit."). "Under the plain language of Rule 4(c)(2), as a party, [plaintiff] cannot be the one to deliver, hand, or send the summons and complaint even if such service would be proper by mail, certified or otherwise." *Dougherty v. Dupes*, No. 17-01541, 2018 WL 1696651, at *8 (M.D. Pa. Apr. 6, 2018) (citing Fed. R. Civ. P. 4(c)(2)). Although Plaintiff has filed United States Postal Service shipping receipts seeming to indicate delivery of a summons and complaint to ASIC and Chase, the "Declaration of Server" forms attached to these receipts lack both the name and signature of the server. (*See generally* ECF No. 7). Unsigned documents by unnamed servers do not satisfy Rule 4(l)'s requirement that proof of service by a non-party over the age of eighteen must be demonstrated through the server's affidavit. *Kenny v. Toms River Twp. Bd. of Adj.*, No. 18-11461, 2018 WL 4442231, at *2 (D.N.J. Sept. 17, 2018). "Moreover, even though [d]efendants have notice of the lawsuit against them, actual notice to the defendant is not the equivalent of proper service of process." *Serfess v. Equifax Credit Info. Servs., LLC*, 2015 WL 501972, at *3 (D.N.J. Feb. 5, 2015) (citing *Ayers v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("the parties cannot waive a void summons")). Although the Court must extend time for service for an appropriate period "if the plaintiff shows good cause for the failure," "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." Fed. R. Civ. P. 4(m).